UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Albert C. Burgess, Jr.,

      Petitioner,

v.

United States of America,

      Respondent.

Case No. 24-cv-594 (DSD/TNL)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on Petitioner Albert C. Burgess, Jr.'s Petition for a Writ of Habeas Corpus [ECF No. 1 ("Petition")]. For the following reasons, the Court recommends denying the Petition and dismissing this action.

A jury convicted Burgess on one count of "knowingly possessing visual materials depicting a minor engaging in sexually explicit conduct, which were shipped in interstate commerce via computer, in violation of 18 U.S.C. § 2252(a)(4)(B)," and one count of "knowingly receiving visual materials depicting a minor engaging in sexually explicit conduct, which were shipped in interstate commerce via computer, in violation of 18 U.S.C. § 2252(a)(2)." *United States v. Burgess*, 684 F.3d 445, 450 (4th Cir. 2012). In August 2010, U.S. District Court Judge Graham C. Mullen, of the U.S. District Court for the Western District of North Carolina, sentenced Burgess to 292 months imprisonment. *See id.* Authorities are presently holding Burgess at the Federal Medical Center in Rochester, Minnesota. [*See, e.g.*, ECF No. 1-1 at 1.]

This action began on February 26, 2024, when the Court received the Petition. The Petition contends that Burgess's sentence is inappropriately long under the U.S. Supreme Court's decision in *Booker v. United States*, 543 U.S. 220 (2005). [*See* Pet. 1.] He also appears to be challenging his conviction itself, though this is not entirely clear. [*See id.* at 3 (asking the Court "to order that [Burgess] have the designation of a sexual and violent offender removed from his record").]

Given this context, this matter is a nonstarter. Burgess purports to bring this action under 28 U.S.C. § 2241. [*See id.* at 1.] But as discussed above, he appears to be challenging his conviction and sentence. Prisoners generally cannot raise such challenges in § 2241 actions filed in the district where they are incarcerated; instead, they must bring them in motions under 28 U.S.C. § 2255 before the sentencing court. *See, e.g.*, *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick,* 392 F.3d 957, 959 (8th Cir. 2004)); *Smith v. Eischen*, No. 23-CV-357 (JRT/DJF), 2023 WL 4708097, at *3 (D. Minn. June 9, 2023) (citing cases), *report and recommendation adopted*, 2023 WL 4704594 (D. Minn. July 24, 2023).

To be sure, under the so-called savings clause of 28 U.S.C. § 2255(e), a prisoner can challenge a conviction or sentence through a § 2241 petition if the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." *See, e.g.*, *Jones v. Hendrix*, 599 U.S. 465, 471 (2023) (discussing savings clause). But it is a petitioner's burden to show that the savings clause applies in a given case. *See, e.g.*, *Crayton v. United States*, 27 F.4th 652, 655 (8th Cir. 2022) (citing cases); *Gaines v. Rardin*, No. 23-CV-1913 (PJS/DTS), 2023 WL 5155907, at *1 (D. Minn. July 7, 2023) (quoting *Crayton*), *report*

*and recommendation adopted*, 2023 WL 5155142 (D. Minn. Aug. 10, 2023). And nothing in the Petition suggests that the savings clause applies here.

As a result, a § 2241 petition is an improper vehicle to raise the challenges that the Petition raises. The Court therefore recommends denying the Petition and dismissing this action without prejudice for lack of subject-matter jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner Albert C. Burgess's Petition for a Writ of Habeas Corpus, ECF No. 1, be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

Dated: April   1   , 2024               *s/ Tony N. Leung*
                                        Tony N. Leung
                                        United States Magistrate Judge
                                        District of Minnesota

                                        *Burgess v. United States*
                                        Case No. 24-cv-594 (DSD/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).